72 F.3d 134
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
I.L. WIEDERMANN, Appellant,
v.
Pat LICHTY, as Administrator of Prison Health Services;
Joseph Class, Warden; Jeff Bloomberg, Secretary of
Corrections; Prison Health Services, a Delaware
Corporation; Kay Wilka, Head Nurse for Prison Health
Services; Stephen Nemerofsky, Orthopedic Consultant for
P.H.S.; Dr. Schaeffer, Prison Doctor; Unknown P.H.S.
Staff, Appellees.
 No. 95-3339.
 United States Court of Appeals, Eighth Circuit.
 Submitted Oct. 4, 1995
Filed Dec. 12, 1995.
 
 Before FAGG, HEANEY, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 I.L. Wiedermann appeals from the district court's order dismissing as frivolous under 28 U.S.C. Sec. 1915(d) his 42 U.S.C. Sec. 1983 complaint. We reverse and remand for further proceedings.
 
 
 2
 Wiedermann, a South Dakota inmate, filed this section 1983 action against South Dakota State Penitentiary (SDSP) prison officials and several Prison Health Services (PHS) administrators and medical personnel, claiming defendants violated his Eighth and Fourteenth Amendment rights by being deliberately indifferent to his serious medical needs. Wiedermann sought declaratory relief and damages. He filed an application to proceed in forma pauperis, and requested appointment of counsel.
 
 
 3
 The district court granted Wiedermann leave to proceed in forma pauperis, but determined that, in order to give the complaint "a meaningful preliminary review" to ascertain whether it was frivolous, the court would need to review Wiedermann's medical records. Accordingly, before ordering service of process, the district court ordered PHS to file Wiedermann's medical records.
 
 
 4
 After reviewing the medical records, the district court concluded defendants had not been deliberately indifferent to Wiedermann's medical needs. Thus, the district court denied Wiedermann appointed counsel and dismissed the complaint as frivolous under section 1915(d). Wiedermann timely appeals.
 
 
 5
 The procedures employed here by the district court are similar to those we criticized in Gentile v. Missouri Department of Corrections & Human Resources, 986 F.2d 214, 216-18 (citing Dowdy v. Bennett, 989 F.2d 506 (8th Cir. June 25, 1991) (No. 90-2887) (unpublished per curiam)). In Dowdy, the magistrate pursued his own investigation, and among other things, collected medical records before dismissing the complaint as frivolous. We stated that the magistrate's procedures neither conformed with the Federal Rules of Civil Procedure nor complied with section 1915(d); they caused delay and unnecessary expenditure of judicial energy; and they deprived the petitioner of the benefit of a record from which he could base a proper appeal. Dowdy, slip op. at 4; Gentile, 986 F.2d at 217. Conducting independent, ex parte investigations is no more permissible for a district court, than for a magistrate. See Gentile, 986 F.2d at 217.
 
 
 6
 We must again emphasize that the decision to grant in forma pauperis status under section 1915(d) must be made on the basis of the complaint. See id. By ordering prison officials to supply the court with copies of Wiedermann's medical records, the district court went beyond review of the complaint.
 
 
 7
 Accordingly, we reverse the dismissal and remand for further proceedings. We suggest that the appointment of counsel would assist in developing the issues in this case.